## Ziehler et al. v. Public Service Interstate Transportation Co.

*Robert K. Greenfield,* for plaintiffs.
*Ralph M. Kellam,* for defendant.

MACNEILLE, P. J., May 1, 1944.—We think defendant's rule to set aside service of the summons in this case must be made absolute. The sheriff was directed to serve the summons upon defendant transportation company, which is a foreign public utility corporation transporting passengers by motor bus for hire and doing business in Pennsylvania. The sheriff's return of such alleged service was as follows:

"Served Public Service Interstate Transportation Company the within named defendant company on 12-16-43 at 12:20 o'clock P.M., Eastern Standard Time, by handing a true and attested copy of the within writ at 13th and Filbert Sts., in the County of Philadelphia, State of Pennsylvania, the place of business of said defendant company, to the person for the time being in charge thereof, being unable to ascertain the residence of any one of the officers of said defendant company within said County, upon inquiry at said place of business, said person for the time being in charge. thereof having refused upon request to give his name and relationship to said defendant company."

If the sheriff means this to be a service in accordance with the Act of March 21, 1849, P. L. 216, 12 PS §1361, it should have been "upon any officer, agent or engineer of such corporation" personally, but all that he says which could be related to such a service is that he handed the writ to "the person for the time being in charge" at Thirteenth and Filbert Streets. There is no description of the person, for instance, as to whether he is an officer, agent, or engineer of the said defendant.

If the sheriff meant to return that he had made service by leaving a certified copy at the office, depot, or usual place of business of said corporation, he has not said so. On that subject the return says "place of business" of defendant company, but the act requires him to serve at the "usual" place of business or the depot of the defendant corporation. The word "usual" has significance, because a temporary place of business would not be the usual place of business.

Therefore, the rule to set aside the service of the summons must be made absolute.

The other rule taken by defendant, which is a rule to strike off summons, must be discharged. The theory on which defendant relies to support his rule is that plaintiffs are suing for an accident which happened in

New Jersey when they were struck on a highway by defendant's bus. They were not passengers in that bus and plaintiffs are not residents of Pennsylvania.

This being an action in personam, we are of the opinion that plaintiffs may bring their suit wherever they can get a proper service upon defendant. Defendant is a foreign corporation which is operating and doing business in Philadelphia by reason of certificates of public convenience. Therefore it is a corporation transacting business in Pennsylvania and is subject here to the service of process. It also has a depot in Philadelphia which is a terminal and starting point of a very large business of transporting passengers for hire.

Wherefore, the rule to strike off the summons is discharged.